IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Steven A. Zimmerman, a United States citizen

Plaintiff

vs.

Himmelman Construction, Inc., a Colorado corporation; and
Barry J. Himmelman and Dana Himmelman, individuals

Defendants.

## COMPLAINT

Plaintiff Steven A. Zimmerman alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 101 et seq., unjust enrichment, quantum meruit, misappropriation of business value, and deceptive trade practice under C.R.S. § 6-105(1)(a) and (1)(b). Subject matter jurisdiction is conferred by 17 U.S.C. § 501, 28 U.S.C. § 1331, 1338, and 1367, and the doctrine of pendent jurisdiction.

2. A substantial portion of the events giving rise to this claim occurred in this district, including multiple acts of infringement; and upon information and belief defendant Himmelman Contruction, Inc. does business in this district and defendants Barry J. Himmelman and Dana Himmelman reside and or may be found in this district. Venue is proper in this district under 28 U.S.C. § 1391 and 1400.

### PARTIES

3. Steven A. Zimmerman is a resident of the State of Colorado with a mailing address at 6050 Quail Street, Arvada, Colorado 80004 ("Zimmerman").

1

4. Himmelman Construction, Inc. is a Colorado corporation with a mailing address at 12560 West Cedar Drive, Lakewood, Colorado 80228 who, upon information and belief, does business in this district ("Himmelman").

5. Barry J. Himmelman ("B. Himmelman") is an individual who, upon information and belief, resides in Colorado and is a corporate officer of Himmelman with a right to control the conduct of and has a financial interest in Himmelman and who, upon information and belief, does business in this district individually and through as well as using Himmelman as his alter ego to do so.

6. Dana Himmelman ("D. Himmelman") is an individual who, upon information and belief, resides in Colorado and is an officer of Himmelman with a right to control the conduct of and has a financial interest in Himmelman and who, upon information and belief, does business in this district individually and through as well as using Himmelman as her alter ego to do so.

## COUNT I

## COPYRIGHT INFRINGEMENT

[17 U.S.C. § 101 et seq.]

7. Zimmerman realleges paragraphs 1 through 6 of this Complaint.

8. As early as 1984, Zimmerman created copyrightable construction manager/general contractor team concept material (individually and collectively referred to herein as "Zimmerman Work").

9. Copies of documents representative of material that embodies the Zimmerman Work, are attached hereto as Schedule A and made a part hereof.

10. The Zimmerman Work is an original work of authorship fixed in a tangible medium of expression.

2

11.     Copyright subsists and has subsisted in the Zimmerman Work since the moment of creation by virtue of and under the copyright law of the United States.

12.     Zimmerman owns all right, title and interest in and to the Zimmerman Work, including the copyright therefor ("Zimmerman Copyright").

13.     The Zimmerman Work is the subject of United States Copyright Office registrations TXu 1-257-986 effective September 13, 2005, a copy of which is shown in Schedule B attached hereto and made a part hereof.

14.     The Zimmerman Work was made publicly available prior to creation of the Himmelman material referred to below.

15.     Upon information and belief, defendants had access and the opportunity to copy the Zimmerman Work.

16.     Upon information and belief defendants obtained copies of all or portions of the Zimmerman Work.

17.     Zimmerman did not give any defendant permission for Himmelman to copy, create derivatives of, publicly display, publicly distribute, or otherwise exercise any of the exclusive rights of a copyright owner with respect to the Zimmerman Work.

18.     Without Zimmerman's authorization Himmelman and or B. Himmelman and or D. Himmelman made copies of, created derivatives of, publicly displayed, and publicly distributed copies of the Zimmerman Work without Zimmerman's permission and or authorized others to do the same.

19.     Representative copies of Himmelman's use of the Zimmerman Work are shown in

Schedule C attached hereto and made a part hereof ("Himmelman Material").

20. The Himmelman Material includes a copyright ownership claim by reason of the following wording appearing therein: "Content and Images Copyright 2008:: Himmelman Construction" ("Himmelman Copyright Notice").

21. The Himmelman Copyright Notice does not disclose inclusion of all or portions of the Zimmerman Work in the Himmelman Material.

22. There is no agreement, written or otherwise, between Zimmerman and any defendant concerning permission to use or exercise in any way Zimmerman's exclusive rights in the Zimmerman Work.

23. The Himmelman Material infringes the Zimmerman Copyright.

24. By means of correspondence to Himmelman and or to Himmelman's agents, Zimmerman gave notice of the infringement claimed herein concerning the Zimmerman Work ("Infringement Claim").

25. Despite the Infringement Claim use of the Himmelman Material did not cease and was not discontinued.

26. Despite the Infringement Claim, Himmelman and or B. Himmelman and or D. Himmelman continued copying, creating derivatives of, publicly displaying, publicly distributing the Zimmerman Work and or authorized other persons to do so

27. Defendants' acts complained of herein infringe the Zimmerman Work.

28. The aforementioned continued copying, creation of derivatives, public display, and public distribution of all or portions of the Zimmerman Work and or authorization of other

4

persons to do so after the Infringement Claim constitute willful infringement

29. Zimmerman has been damaged by the aforesaid infringing acts.

30. Defendants' infringing acts have caused harm to Zimmerman and unless such acts are permanently enjoined defendants will continue to cause irreparable harm to Zimmerman..

## COUNT II

### UNJUST ENRICHMENT, QUANTUM MERUIT, MISAPPROPRIATION OF BUSINESS VALUE

31. Zimmerman realleges paragraphs 1 through 30 of this Complaint.

32. Zimmerman spent substantial time, labor, and skill to create the Zimmerman Work.

33. The Zimmerman Work is original and unique.

34. By using the Zimmerman Work rather than independently creating material like the Zimmerman Work, defendants saved substantial time, labor, skill, and money that one or more of them would otherwise have spent to create the Himmelman Material.

35. By using the Zimmerman Work defendants benefited from the time, labor, skill, and expenses Zimmerman spent to create the ZimmermanWork.

36. By means of use and or authorizing third persons to use the Zimmerman Work, defendants received and benefited from the economic value attributable to such work without any compensation to Zimmerman for the time, labor, skill, and expenses Zimmerman spent in reference to the Zimmerman Work.

37 Defendants unjustly enriched themselves by acquiring and retaining the economic value arising from and attributable to the substantial time, effort, skill, and money Zimmerman spent to create the Zimmerman Work that in justice and equity belongs to Zimmerman.

38. Defendants unfairly appropriated the product of Zimmerman's expenditure of labor, skill, and money.

39. Himmelman and the other defendants used the Zimmerman Work to market and develop business for Himmelman that generated revenue for Himmelman and the other defendants that was not shared with Zimmerman.

40. It would be and is unjust for defendants to retain the economic value and benefit they received through use of the Zimmerman Work, without properly and fairly compensating Zimmerman.

## COUNT III
### DECEPTIVE TRADE PRACTICE UNDER COLORADO LAW

41. Zimmerman realleges paragraphs 1 through 40 of this Complaint.

42. Upon information and belief, defendants knowingly passed off the all or portions of the Himmelman Material.

43. Upon information and belief, defendants knowingly made one false representation or more as to the source and or Zimmerman's approval the Zimmerman Work.

44. Upon information and belief, defendants are liable for deceptive trade practice under C.R.S. § 6-105 (1)(a) and (b). As a result of their acts, Zimmerman has sustained and will continue to sustain and be damaged unless enjoined by this Court.

WHEREFORE, Zimmerman requests the Court to grant the following relief:

(1) That defendants and their agents, servants, employees, licenses, affiliates, and those persons in active concert or participation with them:

(a) be permanently enjoined and restrained:

(i) from infringing Zimmerman copyright and other proprietary rights in the Zimmerman Work, in any manner;

(ii) from falsely designating the origin of material not originating from any defendant;

(b) be ordered to deliver up for destruction all infringing materials in the possession or under the control of defendants and their affiliates, customers, licensees, and to completely erase all or any portion of the infringing material in digital or electronic form that may have been created, placed on any storage device or otherwise, including all backup copies thereof;

(c) be ordered to file, within thirty (30) days from the issuance date of an injunction, a sworn report setting forth in detail the manner in which each of them has complied with the injunction;

(d) be ordered to contact their affiliates, customers, and licensees in writing within thirty (30) days from the issuance date of an injunction and inform them about the injunction as well as ordered to instruct them to immediately discontinue using and to destroy all infringing material.

(2) That an accounting be rendered against defendants for their total gains, profits, and advantages from the reproduction, production, adaptation, creation of derivatives, distribution, public display and unjust enrichment of the infringing material, in an amount to be determined which, at present, Zimmerman cannot fully ascertain;

(3) That judgment be rendered against defendants awarding Zimmerman their profits attributable to the infringing acts claimed of herein plus all damages suffered by Zimmerman as a result of defendants' acts complained of herein in an amount to be determined which, at present, Zimmerman cannot fully ascertain, or in the alternative statutory damages pursuant to 17

U.S.C. §504 based upon defendant's willful infringement.

(4)   That Zimmerman be awarded Zimmerman's costs in this action, including expert witness fees and Zimmerman's reasonable attorneys' fees pursuant to 17 U.S.C. §505 and pre-judgment and post-judgment interest.

(5)   That Zimmerman have such other and further relief as the Court deems just and proper.

Dated: September 24, 2008

                Respectfully submitted,

                s/ David A. Weinstein
                DAVID A. WEINSTEIN,
                695 South Colorado Boulevard, Suite 360
                Denver, Colorado 80246
                Telephone: (303) 863-8818
                FAX:      (303) 863-8820
                E-mail:   davidaweinstein@qwestoffice.net
                Attorney for Steven A. Zimmerman

Plaintiff's Address:

6050 Quail Street
Arvada, Colorado 80004